UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-9199-VBF (KK)** | Date: | January 4, 2021 |
| Title: | *John Cephas Young v. Levert, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order re: Failure to File Request to Proceed <u>In Forma Pauperis</u>

      Plaintiff John Cephas Young ("Plaintiff"), an inmate at Los Angeles County Jail, filed a civil rights complaint under 42 U.S.C. § 1983.  ECF Docket No. ("Dkt.") 1.  On October 6, 2020, Plaintiff constructively filed[1] a request to proceed <u>in forma pauperis</u> ("IFP Application").  Dkt. 2.  On November 9, 2020 the Court denied the IFP Application because Plaintiff (1) failed to authorize disbursements from his prison trust account to pay the filing fees; (2) failed to include a certified copy of his prison trust fund statement; and (3) failed to set forth an adequate showing of indigency because his IFP Application stated he has $46,000 in a certificate of deposit ("CD") savings account and $12,000 in a checking account.  Dkt. 4; <u>see</u> 28 U.S.C. § 1915(a)(2).  The Court ordered Plaintiff to pay the filing fee within 30 days or the case would be dismissed.  Dkt. 4.

      Plaintiff has now filed what appear to be supplements to his IFP Application, including an "Authorization of Disbursement" and a declaration of "Plaintiff's Compliance with [In] Forma Pauperis requirements."  Dkt. 8.  Plaintiff states his savings and checking accounts no longer contain the funds previously set forth in his IFP Application because Plaintiff was recently the victim of bank fraud.  <u>Id.</u>  Additionally, while Plaintiff authorizes disbursements from his prison trust account, his IFP Application remains deficient because he does not attach a **certified** copy of his trust account statement for the last six months.

---

[1] Under the "mailbox rule," when a <u>pro se</u> inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010); <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by <u>pro se</u> prisoners").

Accordingly, the court hereby issues this ORDER TO SHOW CAUSE why Plaintiff's Application to proceed without prepayment of filing fees should not be denied for 1) failure to submit a certified trust account statement and 2) failure to demonstrate indigency. Plaintiff is ordered to respond to this Order to Show Cause on or before **January 18, 2021**. To respond to the Order to Show Cause, Plaintiff must do one of the following:

1. Plaintiff may resubmit a Request to Proceed without Prepayment of Filing Fees with a Declaration in Support **that includes the certificate of an authorized officer at Plaintiff's current place of confinement and attach a certified copy of Plaintiff's trust account statement for the last 6 months** in accordance with 28 U.S.C. § 1915(a)(2). A copy of this form (CV-60P) is enclosed for Plaintiff's convenience. **Plaintiff must also attach a copy of his current bank savings and checking account balances, demonstrating the accounts no longer contain sufficient funds to pay the filing fee.**

2. If for some reason Plaintiff is unable to submit a certified copy of his trust account statement or a copy of his bank account statements, Plaintiff may file a written response explaining why he is unable to do so. Such written response must show good cause for Plaintiff's failure to provide these statements.

The Clerk of Court is directed to mail Plaintiff a blank copy of the district's form <u>in forma pauperis</u> request (CV-60P).

**Plaintiff is expressly warned that his failure to timely comply with this Order may result in denial of his <u>in forma pauperis</u> application and/or dismissal of this action without prejudice.**

**IT IS SO ORDERED.**